**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RICKY DEWAIN JOHNSON,

        Plaintiff,

v.

EXPERIAN INFORMATION
SOLUTIONS, INC., et al.,

        Defendants.

Case No. 2:25-cv-13389
District Judge Denise Page Hood
Magistrate Judge Anthony P. Patti

                                  /

**OPINION AND ORDER
(1) DENYING AS MOOT PLAINTIFF'S MOTION TO REINSTATE
SECOND AMENDED COMPLAINT (ECF NO. 22); (2) DENYING
PLAINTIFF'S SECOND MOTION FOR LEAVE TO AMEND (ECF NO.
20); (3) STRIKING SECOND AMENDED COMPLAINT (ECF 21) FROM
THE DOCKET; (4) DENYING PLAINTIFF'S MOTION TO PRESERVE
EVIDENCE (ECF NO. 23); (5) STRIKING DUPLICATIVE REPLIES (ECF
NO. 48, 49); AND, (6) ISSUING PROSPECTIVE CAUTIONS**

## A.    Background

Plaintiff Ricky Dewain Johnson, proceeding *pro se*, initiated this action on

October 24, 2025.  (ECF No. 1.)  On November 21, 2025, he filed an amended

complaint as of right pursuant to Fed. R. Civ. P. 15(a)(1) ("A party may amend its

pleading once as a matter of course no later than . . . 21 days after serving it.").

(ECF No. 7.)  On March 3, 2026, Plaintiff then filed a second amended complaint.

(ECF No. 16.)  Because Plaintiff did not obtain the Court's permission or a

stipulation from Defendants, Judge Hood issued an order striking the second amended complaint and clarifying that ECF No. 7 "is the operative and governing pleading in this action." (ECF No. 18, PageID.91.)

Plaintiff then filed a motion to reinstate the second amended complaint (ECF No. 22) and a motion for leave to amend the complaint (ECF No. 20). Judge Hood referred both motions to me, as well as a motion to preserve evidence (ECF No. 23). (ECF No. 31.)

The motions have been fully briefed, and I conducted a hearing on May 13, 2026.

**B.     Orders as to Relevant Motions**

Upon consideration of the motion papers and oral argument, and for all the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, the Court orders as follows:

Plaintiff's motion to reinstate (ECF No. 22) is **DENIED AS MOOT.** Plaintiff confirmed on the record that he did not want to reinstate the stricken pleading (ECF No. 16), but instead was requesting the Court accept his new proposed amended pleading (ECF No. 21).

Plaintiff's motion for leave to amend (ECF No. 20) is **DENIED ON THE MERITS**. Under Fed. R. Civ. P. 15(a), a party may amend its pleadings at this stage of the proceedings only after obtaining leave of court. The Rule provides

that the court should freely give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2).  "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).  An amendment is futile if it could not withstand a motion to dismiss. *Thikol Corp. v. Dept. of Treasury*, 987 F.2nd 376, 383 (6th Cir. 1993).  Here, the two counts Plaintiff seeks to add (Counts 4 & 5) are futile as they are both barred by the relevant statutes of limitation, based on the facts and dates as alleged by Plaintiff and confirmed on the record.  Further, to the extent Plaintiff seeks to add AT&T as a party, it was already included as a party in the operative pleading. (ECF No. 7.)  Finally, a few of the allegations Plaintiff seeks to add, relating to Defendants' principal places of business, are not accurate and do not change the substance of his pleading in any event.  For these reasons, as stated more fully on the record, the proposed pleading is futile and would not withstand a motion to dismiss.  His motion (ECF No. 20) is therefore **DENIED.**

Because the Court is denying the motion for leave to amend, the proposed Second Amended Complaint (ECF No. 21), which was mistakenly filed on the

3

docket,[1] is **HEREBY STRICKEN**.  The operative pleading remains the amended complaint docketed as ECF No. 7.

Further, Plaintiff's motion to preserve evidence and compel Defendants to retain investigation records (ECF No. 23) is **DENIED AS UNNECESSARY AND PREMATURE.**  The motion is not supported under the local rules or the Federal Rules, but instead appears to be based on advice Plaintiff is receiving from use of generative AI technology.  Defendants already have a duty to preserve certain evidence, and Plaintiff has not shown that additional protections are necessary. The Court will not compel Defendants to do something they are already obligated to do.  Discovery has not yet begun, and should Plaintiff be able to demonstrate that Defendants have actually violated any relevant obligation in the future, Plaintiff has remedies under the Federal Rules.  Finally, Plaintiff's motion does not comply with Local Rule 7.1, as Plaintiff has not shown that he attempted to engage in a conference to seek concurrence prior to filing the motion.

Moreover, as noted on the record, Plaintiff filed three replies in support of his motion to preserve evidence.  (ECF No. 42, 48, 49.)  Only one brief is allowed in reply to one response, and therefore Plaintiff's two additional replies are not

---

[1] It appears that Plaintiff sent to the Clerk's Office for docketing his motion for leave to amend, along with a proposed second amended complaint, which the Clerk's Office docketed as two separate filings, rather than as a motion and an exhibit.

permitted under the local rules, which allow motions, responses, and replies but do not provide for sur-replies or supplemental briefs without leave of Court.  *See* E.D. Mich. LR 7.1(d).  Therefore, the Clerk of the Court is **DIRECTED** to **STRIKE** the two improper replies (ECF Nos. 48 and 49).

The Court declines to award costs and expenses in this case, as it is not clear that Plaintiff's motions are subject to Fed. R. Civ. P. 37.  As noted at the hearing, however, Plaintiff has several additional motions pending before the Court, which could *possibly* violate the local rules for failure to seek concurrence, for seeking discovery prematurely, and/or for inaccurate reliance on AI.  Those motions are not before me, and I make no definitive ruling as to their propriety here, but Plaintiff is **CAUTIONED** to carefully consider the pending motions and whether it may be prudent to withdraw any motions to avoid any possible imposition of sanctions.

## C. Additional Information for the Parties

### 1. Information for the *Pro Se* Plaintiff

    a.    There is a federal *pro se* legal assistance clinic operated in the Courthouse by the University of Detroit-Mercy Law School. To determine if you are eligible for assistance, you may contact the Federal Pro Se Legal Assistance Clinic at (313) 234-2690 or at proseclinic@udmercy.edu.

    b.    You are required to follow the Federal Rules of Civil Procedure and the Eastern District of Michigan Local Rules throughout

the litigation process.  The rules, and additional help for *pro se* litigants, can be accessed online via https://www.mied.uscourts.gov/index.cfm?pageFunction=proSe

c.   Parties should avoid unnecessary, repetitive motions and notices, which clog the docket and slow the litigation. As noted above, the local rules provide for motions, responses, and replies but do not provide for notices, duplicative replies, sur-replies or supplemental briefs without leave of Court.  *See* E.D. Mich. LR 7.1(d).  Additionally, the local rules require that parties seek concurrence prior to filing a motion. Should parties violate the local rules, their filings are subject to being stricken and the violator could face potential sanctions.

## 2. Caution Regarding the Use of Generative Artificial Intelligence (AI)

As discussed at the hearing, AI cannot give legal advice, and, in many cases, its use in legal research has led to glaring misstatements of law and related sanctions awarded against both attorneys and *pro se* litigants.  "At this point, it 'is no secret that generative AI programs are known to 'hallucinate' nonexistent cases, and with the advent of AI, courts have seen a rash of cases in which both counsel and *pro se* litigants have cited such fake, hallucinated cases in their briefs.'" *Seither & Cherry Quad Cities, Inc. v. Oakland Automation, LLC*, No. 23-11310, 2025 WL 2105286, at *1 (E.D. Mich. July 28, 2025) (Behm, J.) (quoting *Sanders v. United States*, 176 Fed. Cl. 163, 169 (2025)).  AI chatbots "are designed to mimic patterns of words, probabilistically.  When they are 'right,' it is because correct things are often written down in the dataset they were trained on, not because they can independently fact-check themselves in the same way a human

6

would." *Id*. Indeed, French data scientist Damien Charlotin catalogued "at least 490 court filings" between May and October 2025 that contained hallucinations. "Mistake-Filled Legal Briefs Show the Limits of Relying on AI Tools at Work," *The Detroit Legal News* (Oct. 31, 2025) at 18. Thus, the use of generative AI when drafting legal filings is a very risky practice, as *pro se* litigants and attorneys are still subject to the requirements of Fed. R. Civ. P. 11(b)(2) with respect to pleadings, motions and other documents they sign and submit to the Court; even in the absence of bad faith, Rule 11 sanctions for use of AI generated phantom cases may be warranted. *See Seither*, 2025 WL 2105286, at *2 (awarding sanctions); *see also Ali v. IT People Corp., Inc*., No. 2:25-CV-10815, 2025 WL 2682622, at *3, *6 (E.D. Mich. Sept. 19, 2025) (Patti, M.J.) (awarding sanctions against *pro se* litigant for hallucinated legal citations and misstatements). The parties are **HEREBY SO WARNED**.

### 3. Encouragement to Begin Settlement Negotiations

The Court encourages all parties to litigation to attempt to reach an amicable resolution to their dispute. Litigation is costly, both in time and expenses, and often an early settlement is the wisest course of action to avoid unnecessary costs. The risks in litigation are more than "win or lose." There are also expenditures to pursue discovery, costs in hiring a court reporter for depositions, time off from work for court proceedings, etc. The parties in this case are therefore urged to

consider their respective positions and begin settlement negotiations as early as

practicable, in an effort to avoid unnecessary attorney fees and time expenditures.

   **IT IS SO ORDERED.**[2]


Dated:  May 13, 2026

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).