UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKY DEWAIN JOHNSON,

Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,
EQUIFAX INFORMATION SERVICES, L.L.C.,
TRANSUNION, L.L.C.,
CAPITAL ONE,
PEOPLE DRIVEN CREDIT UNION,
and
AT&T, INC.,

Defendants.
_______________________________________/

Case No. 2:25-cv-13389

District Judge Denise Page Hood
Magistrate Judge Anthony P. Patti

**ORDER GRANTING PEOPLE DRIVEN CREDIT UNION'S MOTION TO COMPEL (ECF No. 90) AS UNOPPOSED**

Judge Hood has referred this consumer credit case to me for all pretrial matters, excluding dispositive motions. (ECF No. 74.) The matter presently before the Court concerns Defendant People Driven Credit Union's (PDCU's) interrogatories and requests for production of documents served on August 5, 2026. (ECF No. 90, PageID.440-452), as to which answers and responses ordinarily would have been due on September 4, 2026. Fed. R. Civ. P. 33(b)(2), Fed. R. Civ. P. 34(b)(2)(A).

Currently before the Court is Defendant PDCU's October 7, 2026 motion to compel discovery responses from Plaintiff. (ECF No. 90; *see also* ECF No. 91 [Certificate of Service].) PDCU describes its September 2026 communications with Plaintiff, including: (a) Plaintiff's September 15, 2026 production of 5 pages of documents, albeit without written responses to the requests or answers to interrogatories; (b) Plaintiff's response to PDCU's September 28, 2026 attempt to seek concurrence; and, (c) PDCU's September 29, 2026 proposed stipulated order to compel discovery responses from Plaintiff by October 9, 2026. (ECF No. 90, PageID.427-428 ¶¶ 4, 5, 9; *id*., PageID.454-455.)

"A respondent opposing a motion must file a response, including a brief and supporting documents then available." E.D. Mich. LR 7.1(c)(1). Plaintiff's response was due on or about Wednesday, October 21, 2026 (*see* E.D. Mich. LR 7.1(e)(1)(A)), or perhaps even Monday, October 26, 2026, taking into consideration three days for mailing (*see* Fed. R. Civ. P. 6(a)(1), (d)). To date, Plaintiff has not filed a response.

Upon consideration, Defendant PDCU's motion (ECF No. 90) is **GRANTED AS UNOPPOSED**. Accordingly, no later than **Thursday, November 19, 2026**, Plaintiff **SHALL** serve answers and responses to PDCU's August 5, 2026 interrogatories and requests for production of documents (ECF No. 90,

PageID.440-452).[1] Plaintiff must answer and respond *without objections*, having waived his right to object by failing to do so by September 4, 2026. *See* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Phillips v. Dallas Carriers Corp.*, 133 F.R.D. 475, 477 (M.D.N.C. 1990) ("It is well settled that the failure to make a timely objection in response to a Rule 34 request results in waiver."); *Allen v. Sears, Roebuck & Co.*, No. 07-CV-11706-DT, 2008 WL 11355453, at *2 (E.D. Mich. June 10, 2008) (Majzoub, M.J.) (referencing Fed. R. Civ. P. 33(b)(4) and *Phillips*). Otherwise, Plaintiff's answers and responses must be consistent with Fed. Rules Civ. P. 33(b) and 34(b)(2). *See*, *e.g*., Fed. R. Civ. P. 33(b)(3) ("Each interrogatory must . . . be answered separately and fully in writing under oath."); 28 U.S.C. § 1746 ("Unsworn declarations under penalty of perjury").

Finally, PDCU's request for an award of its attorney's fees incurred in this Motion (*see* ECF No. 90, PageID.428, 437 ¶ C) is **DENIED WITHOUT PREJUDICE** at this time but may be renewed depending on Plaintiff's compliance or non-compliance with this order.

**IT IS SO ORDERED.**[2]

---

[1] This date takes into consideration the representation that Plaintiff's deposition is scheduled for November 24, 2026 (*see* ECF No. 92, PageID.458 ¶¶ 5, 6).

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within

Dated: October 30, 2026 s/ Anthony P. Patti
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).