UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKY DEWAIN JOHNSON,

Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,
EQUIFAX INFORMATION SERVICES, L.L.C.,
TRANSUNION, L.L.C.,
CAPITAL ONE,
PEOPLE DRIVEN CREDIT UNION,
and
AT&T, INC.,

Defendants.
_______________________________________/

Case No. 2:25-cv-13389

District Judge Denise Page Hood
Magistrate Judge Anthony P. Patti

**ORDER GRANTING EQUIFAX INFORMATION SERVICES, L.L.C.'S MOTION TO COMPEL PLAINTIFF'S DISCOVERY RESPONSES (ECF No. 95) AS UNOPPOSED**

**A. Equifax's August 13, 2026 Discovery Requests**

Judge Hood has referred this consumer credit case to me for all pretrial matters, excluding dispositive motions. (ECF No. 74.) The matter presently before the Court concerns Defendant Equifax Information Services, L.L.C.'s (Equifax's): (1) interrogatories, requests for production of documents, and requests for admission served on August 13, 2026 (ECF No. 95-1), as to which answers and responses ordinarily would have been due on or about Monday,

September 14, 2026 (*see* Fed. R. Civ. P. 33(b)(2), Fed. R. Civ. P. 34(b)(2)(A), Fed. R. Civ. P. 36(a)(3), Fed. R. Civ. P. 6(a)(1)(C)); and, perhaps also (2) notice of October 14, 2026 deposition, which was served on September 15, 2026 (ECF No. 95-2).

On October 7, 2026, counsel for Equifax e-mailed Plaintiff, stating, *inter alia*:

> To date, we have not received anything. Note you are deemed to have admitted the requests for admission per the Federal Rules, and your objections to the interrogatories and requests for production are waived. Please immediately respond to the discovery.
>
> If we do not receive full responses by October 16, 2026, we will move to compel with the Court and will seek our fees and costs for having to do so.

(ECF No. 95-3, PageID.511.)

**B. Equifax's October 23, 2026 Motion to Compel**

Currently before the Court is Defendant Equifax's October 23, 2026 motion to compel Plaintiff's discovery responses. (ECF No. 95.) Importantly, Equifax contends that "Plaintiff still has not responded to any of Equifax's Discovery Requests." (ECF No. 95, PageID.467.)

"A respondent opposing a motion must file a response, including a brief and supporting documents then available." E.D. Mich. LR 7.1(c)(1). Ordinarily, Plaintiff's response would have been due on or about Friday, November 6, 2026 (*see* E.D. Mich. LR 7.1(e)(1)(A)), or perhaps even Monday, November 9, 2026,

taking into consideration three days for mailing (*see* Fed. R. Civ. P. 6(d)). However, pursuant to the Court's October 29, 2026 order, Plaintiff's response was due on November 13, 2026. (ECF No. 100.)

To date, Plaintiff has not filed a response. Indeed, Plaintiff's most recent filing is his July 31, 2026 supplemental objection (*see* ECF No. 89) to the Undersigned's July 7, 2026 report and recommendation (*see* ECF No. 82).

**C. Order**

Upon consideration, Defendant Equifax's motion (ECF No. 95) is **GRANTED AS UNOPPOSED**. Accordingly, and largely consistent with Equifax's prayer for relief (*see* ECF No. 95, PageID.474):

- No later than **Wednesday, November 25, 2026**, Plaintiff **SHALL** serve answers and responses to Equifax's interrogatories and requests for production of documents (including all responsive documents) (*see* ECF No. 95-1, PageID.477-500). Plaintiff must answer and respond *without objections*, having waived his right to object by failing to do so by September 14, 2026. *See* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Phillips v. Dallas Carriers Corp.*, 133 F.R.D. 475, 477 (M.D.N.C. 1990) ("It is well settled that the failure to make a timely objection in response to a Rule 34 request results in waiver."); *Allen v. Sears, Roebuck & Co.*, No. 07-CV-11706-DT, 2008 WL 11355453, at *2 (E.D.

Mich. June 10, 2008) (Majzoub, M.J.) (referencing Fed. R. Civ. P. 33(b)(4) and *Phillips*). Otherwise, Plaintiff's answers and responses must be consistent with Fed. Rules Civ. P. 33(b) and 34(b)(2). *See*, *e.g*., Fed. R. Civ. P. 33(b)(3) ("Each interrogatory must . . . be answered separately and fully in writing under oath."); 28 U.S.C. § 1746 ("Unsworn declarations under penalty of perjury").

- Equifax's Requests for Admission (*see* ECF No. 95-1, PageID.501-505) are **DEEMED ADMITTED**. *See* Fed. R. Civ. P. 36(a)(3).

- Equifax's request for "an award against Plaintiff for its reasonable expenses, including its attorney's fees, incurred in connection with this Motion" is **DENIED WITHOUT PREJUDICE** at this time but may be renewed depending on Plaintiff's compliance or non-compliance with this order.

**IT IS SO ORDERED.**[1]

Dated: November 16, 2026

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).